# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-93-M |
| | ) | |
| MICHAEL SHANDELON BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Michael Shandelon Brown's ("Brown") Motion to Suppress and Brief in Support, filed August 19, 2015. On August 28, 2015, the government responded. Based on the parties' submissions, the Court makes its determination.

I.   Introduction

On March 17, 2015, Brown was indicted by a federal grand jury with one count of possession of a controlled substance with intent to distribute. *See United States of America v. Daryl Lee Ingram, et al.* ("*Ingram I*"), Case No. CR-15-53-M. The charge arouse from Brown's arrest on February 17, 2015, when he and co-defendant, Daryl Ingram ("Ingram"), were apprehended and charged following a traffic stop, in which seven hundred nine (709) grams of cocaine and four thousand nine hundred eighty dollars ($4,980.00) was recovered from the search of the vehicle. The matter went to trial, and on June 16, 2015, Brown was acquitted, while Ingram was convicted.

Brown now moves the Court to reconsider its June 3, 2015 Order denying his motion to suppress filed in *Ingram I*. In that motion to suppress, Brown challenged the

validity of the traffic stop and sought to suppress the evidence produced a as result of the traffic stop. The Court found that Brown's Fourth Amendment rights were not violated since the officers had a reasonable suspicion that Brown committed a traffic violation, and, therefore, the evidence produced from the traffic stop was admitted at trial. *See Ingram I* [docket no. 67]. Brown now contends that this instant motion to suppress is necessary because: (1) the government will seek to introduce at trial, in this matter, evidence relating to the February 17, 2015 traffic stop, and (2) the Court should reconsider its Order related to Brown's motion to suppress now, after having heard additional testimony during the trial of *Ingram I*.[1]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *U.S. v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants, 204 F.3d at 1012.

Having carefully reviewed the parties' submissions, the Court finds that Brown has not presented any new grounds that would warrant the Court to reconsider its June 3, 2015 Order in *Ingram I*. Brown failed to provide any new evidence or point to any

---

[1] Brown also advises the Court that he files this motion as a procedural matter in order to preserve the issue for any appeal.

2

testimony during the trial of *Ingram I* that would negate the Court's finding that the traffic stop was lawful at its inception. Therefore, for the reasons set forth in its June 3, 2015 Order, Brown's Motion to Suppress, in this instant matter, should also be denied.

Accordingly, for the reasons set forth, the Court DENIES Brown's Motion to Suppress and Brief in Support [docket no. 241].

**IT IS SO ORDERED this 6th day of April, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE