UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-15-93-G-10 |
| MICHAEL SHANDELON BROWN, ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant Michael Shandelon Brown's pro se Motion for Early Termination of Supervised Release (Doc. No. 1139). The Government has filed a Response (Doc. No. 1140), and the matter is now at issue.

### I. Background

Following a jury trial in April 2016, Defendant was convicted of conspiracy to possess with intent to distribute cocaine base and conspiracy to engage in money laundering. *See* Jury Verdict (Doc. No. 644) at 9-10. The Court sentenced Defendant to 10 years' imprisonment on each count, to be served concurrently, followed by five years of supervised release. *See* J. (Doc. No. 815) at 2-3.

Defendant was released from prison and began serving his term of supervised release on September 23, 2022. Gov't's Resp. at 1.

### II. Defendant's Motion

Defendant now seeks early termination of his supervised release after completing approximately half of its five-year term. In support of his request, Defendant highlights

his reintegration into society, including: his continued employment since his release, his mentoring activities, and various certifications including a commercial driver's license. *See* Def.'s Mot. at 2. Defendant also represents that "he has been hindered" in his professional driving career "due to probation's strict traveling reporting" and "was fired" for being unable "to take a load to San Antonio, Tx on a 1 hour notice." *Id.*; *see id.* Ex. 1 (Doc. No. 1139-1).

*III. Discussion*

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering certain statutory factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(d).

Although a hearing is required pursuant to Federal Rule of Criminal Procedure 32.1 before the Court may modify a term of supervised release, "the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved." *United States v. Thinh Quoc Kieu*, No. CR-02-177-D, 2012 WL 2087387, at *1 (W.D. Okla. June 8, 2012); *see* Fed. R. Crim. P. 32.1(c)(1).

The Government commends Defendant's post-release conduct but opposes his request, emphasizing the serious and conspiratorial nature of Defendant's underlying offenses. *See* Gov't's Resp. at 2. The Government also represents that "the U.S. Probation Office has indicated a willingness" to work with Defendant "to enable him to pursue" his driving profession, "subject to some necessary restrictions." *Id.* The Government therefore

2

believes that it is appropriate for Defendant to serve the remainder of his term of supervised release. *See id.* at 2-3. The Government states that "it would be open to revisiting the situation" if, at some later date, Defendant has continued to successfully serve his term but is legitimately hindered in his employment efforts. *Id.* at 3.

As this Court has noted, "supervised release is part of the penalty for [Defendant's] offense." *Thinh Quoc Kieu*, 2012 WL 2087387, at *2 (citing *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006)). "One of its purposes is to provide rehabilitation and oversight of the offender to deter their return to crime." *Id.* (internal quotation marks omitted). Defendant's compliance with the terms of his supervised release "does not, without more, warrant early termination because compliance with the terms is what is expected." *Id.* (internal quotation marks omitted); *accord United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (explaining that a defendant's compliance with conditions "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

While Defendant's actions indicate that he is doing the things that he should to achieve a successful transition to regular life, the Court does not find that Defendant's post-incarceration conduct and circumstances warrant termination of his term of supervised release. After examining the relevant factors and carefully considering the information presented, the Court believes that the full term of supervision remains appropriate, particularly in light of the severity of the criminal offenses of which Defendant was convicted and the willingness of the USPO to look for practical solutions that would accommodate Defendant's employment while maintaining appropriate supervision. In

sum, the Court does not find that it is in "the interest of justice" to discharge and release Defendant at this time. 18 U.S.C. § 3583(e)(1).

## CONCLUSION

As provided herein, Defendant's Motion for Early Termination of Supervised Release (Doc. No. 1139) is DENIED without prejudice.

IT IS SO ORDERED this 12th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge