**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-15-93-G-10** |
| | ) | |
| **MICHAEL SHANDELON BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Defendant Michael Shandelon Brown's pro se Motion for Early Termination of Supervised Release (Doc. No. 1154). The Government has filed a Response (Doc. No. 1155), to which Defendant replied (Doc. Nos. 1157, 1158).

*I. Background*

Following a jury trial in April 2016, Defendant was convicted of conspiracy to possess with intent to distribute cocaine base and conspiracy to engage in money laundering. *See* Jury Verdict (Doc. No. 644) at 9-10. The Court sentenced Defendant to 10 years' imprisonment on each count, to be served concurrently, followed by five years of supervised release. *See* J. (Doc. No. 815) at 2-3.

Defendant was released from prison and began serving his term of supervised release on September 23, 2022. Gov't's Resp. at 2.

*II. Discussion*

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering certain statutory factors, "terminate a term of supervised release and discharge the defendant

released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(d).[1]

Defendant now seeks early termination of his supervised release after completing over half of its five-year term. In support of his request, Defendant highlights his reintegration into society, including his stable employment since his release and his mentoring and rehabilitation efforts. *See* Def.'s Mot. at 1; *id.* Ex. 1 (Doc. No. 1154-1); *see also* Def.'s Replies (Doc. Nos. 1157, 1158).

The Government opposes Defendant's request, emphasizing the lack of any change to the relevant circumstances since the Court denied Defendant's previous request. *See* Gov't's Resp. at 1-2; Order of Sept. 12, 2025 (Doc. No. 1143). The Government also notes that, while Defendant has been "generally compliant" with the terms of his supervised release, he has recently refused to submit to a drug screen, was terminated from a volunteer position with the Oklahoma Department of Corrections, and "continues to maintain connections with gang members." Gov't's Resp. at 2-3.

Further, the Court on April 3, 2026, found that Defendant had violated a condition of his release and ordered that Defendant shall continue to be subject to all previously

[1] Although a hearing is required pursuant to Federal Rule of Criminal Procedure 32.1 before the Court may modify a term of supervised release, "the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved." *United States v. Thinh Quoc Kieu*, No. CR-02-177-D, 2012 WL 2087387, at *1 (W.D. Okla. June 8, 2012); *see* Fed. R. Crim. P. 32.1(c)(1).

imposed conditions of supervised release. Order of July 10, 2026 (Doc. No. 1160) at 1-2.

As this Court has noted, "supervised release is part of the penalty for [Defendant's] offense." *Thinh Quoc Kieu*, 2012 WL 2087387, at *2 (citing *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006)). "One of its purposes is to provide rehabilitation and oversight of the offender to deter their return to crime." *Id.* (internal quotation marks omitted). Defendant's general compliance with the terms of his supervised release "does not, without more, warrant early termination because compliance with the terms is what is expected." *Id.* (internal quotation marks omitted); *accord United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (explaining that a defendant's compliance with conditions "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

The Court does not find that Defendant's post-incarceration conduct and circumstances warrant termination of his term of supervised release. The relevant factors and the information presented reflect that the full term of supervision remains appropriate, particularly in light of the severity of the criminal offenses of which Defendant was convicted. In sum, the Court does not find that it is in "the interest of justice" to discharge and release Defendant at this time. 18 U.S.C. § 3583(e)(1).

## CONCLUSION

As provided herein, Defendant's Motion for Early Termination of Supervised

Release (Doc. No. 1154) is DENIED.

IT IS SO ORDERED this 29th day of October, 2026.

CHARLES B. GOODWIN
United States District Judge